1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11
12

U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST,

Case No. 2:15-cv-2219-TLN-GGH

13

Plaintiff,

**SUA SPONTE REMAND ORDER**

14

v.

15
16

BRENTON MCCORMICK AND MONIQUE MCCORMICK,

17

Defendants.

18
19

    This matter is before the Court pursuant to Defendants Brenton McCormick and Monique

20

McCormick's ("Defendants") Notice of Removal and Motion to Proceed in Forma Pauperis.

21

(ECF Nos. 1–2.)  For the reasons set forth below, Defendants' Motion to Proceed in Forma

22

Pauperis is DENIED as moot, and the Court hereby remands the action to the Superior Court of

23

California, County of Sacramento, due to lack of subject-matter jurisdiction.

24

    **I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

25

    On September 4, 2015, Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF8 Master

26

Participation Trust ("Plaintiff") brought an action against Defendants for possession of the real

27

property known as 108 Snow Bar Court, Folsom, California ("the Property").  (Notice of

28

Removal, ECF No. 1 at 10.)  The Complaint alleges that Defendants were the foreclosed upon

1

owners of the Property and continue to occupy the Property despite having no ownership or possessory interest in the Property.  (ECF No. 1 at 11–12.)  Plaintiff asserts that Defendants were served a "Notice to Quit after Foreclosure Sale" and continue to occupy the property.  (ECF No. 1 at 11.)

On October 26, 2015, Defendants filed a Notice of Removal removing this unlawful detainer action from the Sacramento County Superior Court.  (ECF No. 1.)

## II.     STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 386.  Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court.  *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III.    ANALYSIS

Defendants removed this case to this Court on the basis of federal question jurisdiction. Defendants argue that the Protecting Tenants at Foreclosure Act of 2009 ("PTFA") gives rise to a federal question by identifying two ways in which the statute is drawn into controversy in the

1   instant case.

2       Defendants state that Plaintiff's claim is based upon a notice which expressly references

3   and incorporates the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. §§ 5220.  (ECF

4   No. 1 at ¶ 8.)  However, the Complaint itself contains only a single claim for unlawful detainer.

5   (ECF No. 1 at 9–10.)  Under the well-pleaded complaint rule, "federal [question] jurisdiction

6   exists only when a federal question is presented on the face of the plaintiff's properly pleaded

7   complaint."  *Caterpillar*, 482 U.S. at 386.  The instant Complaint relies solely on California state

8   law and does not mention expressly or impliedly 12 U.S.C. §§ 5201, et. seq.  The Complaint does

9   not state claims under the PTFA or any other federal law.  The well-pleaded complaint rule makes

10  the plaintiff the master of his claim, so he may avoid federal jurisdiction by basing his claim

11  exclusively on state law, as is the case here.  *Caterpillar*, 482 U.S. at 392.

12      It seems Defendants mean to assert subject matter jurisdiction by alleging Plaintiff

13  violated the PTFA.[1]  However, removal cannot be based on a defense, counterclaim, cross-claim,

14  or third party claim raising a federal question, whether filed in state court or federal court.  *See*

15  *Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43.  While Defendants

16  contend in the notice of removal that Plaintiff has violated a federal law, this assertion relates

17  only to an affirmative defense or potential counterclaim, which is not considered in evaluating

18  whether a federal question appears on the face of a plaintiff's complaint.  See *Vaden*, 556 U.S. at

19  60-62.  "[A] counterclaim – which appears as part of the defendant's answer, not as part of the

20  plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction."  *Holmes Group,*

21  *Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

22      In summary, the state court Complaint indicates that the only cause of action is one for

23  unlawful detainer, which arises solely under state law and not under federal law.  Thus, this action

24  does not arise under federal law and no other grounds for federal jurisdiction are apparent.

25  Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction.  *See*

26

27  [1]    In any event, the Ninth Circuit has held that no private right of action exists under the PTFA.  *Logan v. U.S.*
    *Nat. Assoc.*, 722 F.3d 1163, 1173 (9th Cir. 2013).  Further, "the PTFA is framed in terms of 'protections' for tenants,
    suggesting that it was intended to provide a defense in state eviction proceedings rather than a basis for offensive
28  suits in federal courts."  *Id*. at 1173.

*United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

### IV.    CONCLUSION

Thus for the reasons stated above, Defendants' motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot, and the Court hereby remands this action to the Superior Court of California, County of Sacramento.

IT IS SO ORDERED.

Dated:  October 27, 2015

_____
Troy L. Nunley
United States District Judge

4